# ALFRED H. LADD v. TOWN OF GRAND ISLE.

### October Term, 1894.

*Verdict properly directed upon the evidence. Plaintiff bound to know defendant not party to contract.*

The defendant town, having in contemplation the construction of a bridge, contracted with the plaintiff to take rubble from his ledge at a certain price. The town did not construct the bridge, but subsequently contracted it, and the contractors took stone from the plaintiff's ledge and settled with him for the same in part. *Held*, that a verdict was properly directed for the defendant, for, under the circumstances of the case, the plaintiff was bound to know that the contractors in taking the stone were acting for themselves, and not as the agents of the town.

Assumpsit. Plea, the general issue. Trial by jury at the February term, 1893, Grand Isle county, Thompson, J., presiding. At the close of the evidence the court directed a verdict for the defendant. The plaintiff excepts.

*H. C. Adams* and *F. W. McGettrick* for the plaintiff.

*Wilson & Hall* and *Jed P. Ladd* for the defendant.

START, J. The plaintiff's evidence tended to show that in October, 1889, he made a verbal contract with the defendant, through its selectmen, by which he agreed to permit them to quarry and take rubble from a ledge on his land for the construction of a bridge from Grand Isle to North Hero ; and that the defendant agreed to pay him five cents per cubic

yard for whatever rubble the selectmen should take for that
purpose.  The town did not construct the bridge; but, sub-
sequent to the making of the contract claimed to have been
made with the plaintiff, it made a contract with the firm of
J. A. Chamberlin & Co., by the terms of which said firm
agreed to construct the bridge.  All the rubble taken from
the plaintiff's ledge and used in the construction of the bridge
was taken by Chamberlin & Co.; and they paid the plaintiff
seven hundred three dollars and ten cents during the prog-
ress of the work, in part payment for the rubble so taken,
and the plaintiff, or his agent, gave receipts for the money
so paid.

It appeared that before Chamberlin & Co. took the con-
tract to build the bridge, they were importuned by citizens
of Grand Isle to take the contract for forty thousand dollars,
and they consented to do so, provided responsible citizens of
the town would personally indemnify them against loss; and
thereupon a written contract was executed and delivered be-
tween the members of the firm of Chamberlin & Co. of the
one part, and seventy-five citizens, including the plaintiff, of
the other part, by which the plaintiff and other citizens
agreed to indemnify and save Chamberlin & Co. from all
loss by reason of taking the contract to build the bridge.
This agreement was read over and signed by the plaintiff
before any rubble was taken from his ledge.

On the tenth day of August, 1891, the plaintiff and the
members of the firm of Chamberlin & Co. made a contract
in writing, whereby the plaintiff gave them the privilege of
quarrying stone from his ledge for the construction of the
bridge.  There was no evidence tending to show that in the
construction of the bridge Chamberlin & Co. were the agents
of the defendant town, or acted as such; and it appeared from
the uncontradicted evidence that in all that they did in the
construction of the bridge, and procuring material therefor,
they acted as independent contractors, and not as the ser-

vants or agents of the defendant. The plaintiff claimed that the rubble taken from his ledge was taken by Chamberlin & Co. as the agents or servants of the defendant, and that he was entitled to recover for the rubble so taken under his contract with the selectmen.

The court directed the jury to return a verdict for the defendant. In this there was no error.

By the contract between the plaintiff and the defendant's selectmen, the defendant was to pay for such rubble as the selectmen should take for the construction of the bridge. The selectmen did not build the bridge, nor did they take any rubble from the plaintiff's ledge for its construction. Chamberlin & Co. built the bridge under a contract to do so, but not as agents or servants of the defendant; and they took the rubble in question for its construction. The rubble taken by Chamberlin & Co. was not taken under circumstances that would justify the plaintiff in believing that it was taken by them as agents or servants of the defendant. The undertaking of Chamberlin & Co. was to build the bridge and furnish the material therefor for forty thousand dollars, and the plaintiff knew that such was their contract. Before any rubble was taken he read and signed the contract, by which he and other citizens of the town agreed to indemnify and save Chamberlin & Co. harmless from any loss that might accrue to them by reason of their taking the contract for the construction of the bridge. In this agreement the contract of Chamberlin & Co. is distinctly referred to. It is stated that "it is the desire of the parties of the second part that the parties of the first part sustain no pecuniary loss of any kind, under their contract with the town of Grand Isle to build a bridge between said Grand Isle and North Hero." The plaintiff having deliberately read and executed the contract containing this recital, he ought not to be heard to say that he did not know that Chamberlin & Co. had entered into a contract to build the bridge.

The town was not a party to this contract, signed by the plaintiff and other citizens. The plaintiff and other citizens were interested in having the bridge built, and, as an inducement to Chamberlin & Co. to take the contract, they agreed to indemnify them against loss; but the fact that Chamberlin & Co. were thus indemnified by citizens of the defendant town against loss, had no tendency to show that they were agents or servants of the defendant. The undertaking of Chamberlin & Co. with the defendant was an absolute undertaking to furnish material and build the bridge for forty thousand dollars. There was no evidence in the case that tended to show that the defendant ever released Chamberlin & Co. from this undertaking, nor that the relation that they sustained to the defendant ever changed from that of contractors to that of agents or servants of the defendant; and the plaintiff had no right to understand or believe that there was such a change. He received payments towards the rubble from time to time from Chamberlin & Co., and, during the progress of the work, made a written contract with them, whereby they were to take rubble from his ledge for the construction of the bridge. Under these circumstances the plaintiff cannot be heard to say that he believed, and was justified in believing, that rubble was being taken from his ledge by Chamberlin & Co. under his claimed contract with the selectmen. He had no right to assume that Chamberlin & Co. were the agents or servants of the defendant. His knowledge of Chamberlin & Co.'s relation to the work was such that he could not remain passive, and assume that he was delivering rubble under his contract with the defendant. His knowledge was such that he was put upon inquiry; and, if he did not know that Chamberlin & Co. were building the bridge upon their own credit, he ought to have known it. The knowledge that he had would have put any reasonably prudent man upon inquiry. By inquiry he could have learned that Chamberlin

& Co. had taken the contract to furnish the material and build the bridge; but no inquiry was necessary. A prudent man, with his knowledge, would not be deceived or misled. He knew that, by the terms of his claimed contract with the selectmen, the defendant was to pay him only for such rubble as was used by the selectmen in the construction of the bridge; he knew he had signed a contract to indemnify Chamberlin & Co. against loss that should accrue to them by reason of taking the contract to build the bridge; he knew that Chamberlin & Co. were in charge of the work and taking rubble from his ledge; that he was receiving pay for the same from time to time from them, and that during the progress of the work he made a contract in writing with Chamberlin & Co., by which they were to take rubble from his ledge for the construction of the bridge. Under these circumstances he was bound to know to whom, and upon whose credit, his rubble was being delivered; and the law charges him with the knowledge that it was not being taken by the defendant, nor upon its credit.

The view we have thus taken of the facts confessedly within the knowledge of the plaintiff, renders it unnecessary to pass upon the questions raised upon the admission and rejection of testimony.

*Judgment affirmed.*